UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
MARY STAPLETON,                  :    HONORABLE JOSEPH E. IRENAS
                                 : Civ. Action No. 12-7406(JEI/JS)
              Plaintiff,         :
                                 :           OPINION
      v.                         :
                                 :
                                 :
DSW, INC.,¹                      :
                                 :
              Defendant.         :
_____ :
```

SIDNEY L. GOLD & ASSOCIATES, P.C.
By:  Valerie Weisman, Esq.
1835 Market Street, Suite 515
Philadelphia, Pennsylvania 19103
          Counsel for Plaintiff

CONRAD O'BRIEN P.C.
By:  Deborah J. Krabbendam, Esq.
     Joshua John Voss, Esq.
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, Pennsylvania 19102
          Counsel for Defendant

**IRENAS**, Senior District Judge:

Plaintiff Mary Stapleton initiated this action against

Defendant DSW, Inc. ("DSW") alleging wrongful termination.²  The

---

¹  The Court notes that DSW, Inc. has alleged that the
proper defendant in this action should actually be DSW Shoe
Warehouse, Inc., and not DSW, Inc.  (Mot. to Dismiss at 1 n.1)
The Court does not have the information at this time to determine
the proper defendant.  For the purposes of this Opinion, the
Court considers DSW, Inc. to be the defendant.

²  The Court has jurisdiction over this matter pursuant to 28
U.S.C. §§ 1332, 1441, and 1446.  Plaintiff is a citizen of New
Jersey, while Defendant is a citizen of Ohio.  The amount in

Complaint asserts a claim under New Jersey's Conscientious Employee Protection Act and a common law claim for wrongful discharge.  Pending before the Court is DSW's motion to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, the Motion will be granted in part and denied in part.

## I.

The Complaint alleges the following facts.

DSW is a footwear and accessories retailer incorporated in Ohio. (Compl. ¶¶ 6, 9)  Plaintiff, a resident of New Jersey, was employed as the Assistant Merchandise Manager at DSW's store in Cherry Hill, New Jersey.  (Id. ¶ 9)

On or about March 27, 2012, a female customer ("the Customer") entered the Cherry Hill DSW store accompanied by an approximately twenty-two months old female child ("the Child") during Plaintiff's shift.  (Id. ¶ 10)  Thereafter, Plaintiff was informed that the Child had gotten hold of a bottle of nail polish belonging to DSW and was painting the store shelves.  (Id. ¶ 11)  Plaintiff approached the Child and immediately noticed that the Customer was ignoring the Child and that the Child smelled strongly of feces.  (Id. ¶ 12)  Plaintiff further

--------

controversy exceeds $75,000.  Plaintiff filed her Complaint in the Superior Court of New Jersey, Civil Law Division, Camden County and defendant removed to this Court on Dec. 4, 2012.

observed that the Child had spilled a large amount of nail polish onto her body and belongings. (Id.) Plaintiff proceeded to take the nail polish away from the Child and continued to closely observe the Customer failing to supervise the Child. (Id. ¶ 13) The Customer did not even seem to notice that Plaintiff was interacting with the Child. (Id.) Additionally, the Child approached several other customers in the store and pulled on their clothing for attention. (Id.)

Because of the strong foul odor emanating from the Child, Plaintiff suggested that the Customer clean the Child and change the Child's diaper in the store's restroom. (Id. ¶ 14) The Customer appeared confused and refused to clean the Child. (Id.) She further stated that she did not have the necessary supplies to change the Child's diaper. (Id.) The Customer then continued to shop for approximately two hours while neglecting to supervise or clean the Child despite Plaintiff's further suggestion that she use the restroom. (Id. ¶ 15)

Finally, as the Customer was making her purchase at the cash register, the Child threw several items from the counter onto the floor. (Id. ¶ 16) In response, the Customer twice threatened to punish the Child by hitting her when they returned home. (Id.)

Out of concern for the Child's safety and welfare, Plaintiff discussed the incident with Stephanie Rolen ("Rolen"), an associate who had also witnessed the Customer's behavior. (Id.

3

¶¶ 17-18) They decided that Rolen would report the incident to New Jersey's Division of Child Protection and Permanency ("DCPP").  (Id. ¶ 18)  In order to assist the DCPP in identifying the Customer, Plaintiff provided Rolen with the Customer's name and address.  (Id. ¶ 19) Plaintiff acquired this information while processing the Customer's return of previously purchased merchandise.  (Id.)

The following day, DCPP contacted DSW's Cherry Hill store to investigate Rolen's report.  At this time, the store's District Manager, Denise Basso ("Basso"), was informed of both Rolen's report and the underlying incident.  (Id. ¶ 20) On or about March 29, Basso met with Plaintiff and required her to provide a written statement describing the incident and the subsequent report to the DCPP.  (Id. ¶ 21) On or about March 31, Plaintiff was informed by Store Manager Nancy Gotkin ("Gotkin") that she was being fired for violating DSW's policy of protecting confidential customer information by conveying the Customer's identifying information to DCPP.  (Id. ¶ 22)  Plaintiff explained that she acted in what she believed was the best interests of the Child and that DSW's policy was incompatible with the Child's best interests in this case.  (Id. ¶ 23) Nevertheless, Gotkin responded that she had been instructed to terminate Plaintiff's employment with DSW.  (Id. ¶ 24)

On October 19, 2012, Plaintiff filed suit in the Superior

Court of New Jersey, Civil Law Division, Camden County alleging that DSW unlawfully terminated her in retaliation for her failure to comply with a policy that she believed was incompatible with the best interests of the Child. The Complaint asserts a claim under New Jersey's Conscientious Employee Protection Act ("CEPA") and a common law claim for wrongful discharge.  (Compl. ¶¶ 25-36) On December 4, 2012, DSW filed a Notice of Removal with this Court.  DSW now moves to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss, a complaint must allege facts that raise a right to relief above the speculative level.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P. 8(a)(2).

While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions.  *Morse v.*

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The
complaint must state sufficient facts to show that the legal
allegations are not simply possible, but plausible.  *Phillips*,
515 F.3d at 234.  "A claim has facial plausibility when the
plaintiff pleads factual content that allows the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678
(2009).


### III.   CEPA CLAIM

DSW asserts that Plaintiff's CEPA claim should be dismissed
because Plaintiff has not alleged that she performed a whistle-
blowing activity.  (Mot. to Dismiss at 4-7)  DSW further argues
that Plaintiff failed to meet CEPA's notice requirement.  (Id. at
7)  The Court disagrees.


### A.   <u>Whistle-Blowing Activity</u>

When enacted, New Jersey's CEPA was considered "the most far
reaching 'whistle-blower statute' in the nation."  *D'Annunzio v.
Prudential Ins. Co. of Am.*, 192 N.J. 110, 120 (2007)(quoting
*Mehlman v. Mobil Oil Corp.*, 153 N.J. 163, 179 (1998)).  The
purpose of CEPA is to provide protection "to vulnerable employees
who have the courage to speak out against or decline to
participate in an employer's actions that are contrary to public

policy mandates." *See Yurick v. State*, 184 N.J. 70, 77 (2005).
Since CEPA is a "broad, remedial legislation," it must therefore
"be construed liberally" to effectuate its important social goal.
*D'Annunzio*, 192 N.J. at 120 (citing *Abbamont v. Piscataway Tp.
Bd. of Educ.*, 138 N.J. 405, 431 (1994)(further citations
omitted)). *See also Donelson v. DuPont Chambers Works*, 206 N.J.
243, 256 (2011).

CEPA prohibits employers from taking retaliatory action
against certain employees. N.J. STAT. ANN. § 34:19-3. CEPA
protects an employee who "discloses, or threatens to disclose to
a supervisor or to a public body an activity, policy or practice
of the employer" that the employee reasonably believes to be
wrongful. *See* N.J. STAT. ANN. § 34:19-3a. In addition, CEPA
"also protects an employee who merely 'objects to, or refuses to
participate in' an employer's activity which the employee
'reasonably believes' violates law or a clear mandate of public
policy." *Young v. Schering Corp.*, 645 A.2d 1238, 1245 (N.J.
Super. Ct. App. Div. 1994) aff'd, 141 N.J. 16 (1995) (quoting
N.J. STAT. ANN. § 34:19-3c). Therefore, in order to be protected
against retaliatory action by his employer, the employee "need
not actually make a report to anyone, but can simply refrain from
acting and still be protected by CEPA." *Young*, 645 A.2d at 1245.

Specifically, CEPA provides, in relevant part:

An employer shall not take any retaliatory action against an employee because the employee does any of the following:

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes

> (1) is in violation of law or a rule or regulation promulgated pursuant to law . . . ;

> (2) is fraudulent or criminal . . . ; or

> (3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

N.J. STAT. ANN. § 34:19-3c.

In order to state a CEPA claim under this subsection, a plaintiff must allege that (1) he reasonably believed that his employer's conduct violated a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy, (2) he objected to, or refused to participate in the conduct, (3) an adverse employment action was taken against him, and (4) a causal connection exists between the activity and the adverse employment action. *Sarnowski v. Air Brooke Limousine, Inc.*, 510

F.3d 398, 404 (3d Cir. 2007) (citing *Dzwonar v. McDevitt*, 177 N.J. 451, 462 (2003)).

Additionally, a plaintiff need not allege that the employer actually violated the law or a clear mandate of public policy. *Dzwonar*, 177 N.J. at 462. "Instead, the plaintiff simply must [allege] that he or she reasonably believe[d] that to be the case." *Id.* (internal quotations and citations omitted).

In the instant case, DSW argues that Plaintiff did not state a CEPA claim because she did not raise any concerns about DSW's confidentiality policy until after she was terminated, and therefore did not engage in any protected activity. (Mot. to Dismiss at 5) This argument misses the mark. As explained above, CEPA not only protects employees who "disclose or threaten to disclose" information to a supervisor or public body, *see* N.J. STAT. ANN. § 34:19-3a, but also those employees who "simply refrain from acting," *see Young*, 645 A.2d at 1245.

Plaintiff alleges that she was fired in retaliation for her refusal to comply with DSW's policy barring her from releasing confidential customer information. (Compl. ¶¶ 22, 27) She further alleges that she determined to release the Customer's information because she reasonably believed it was necessary to protect the safety and welfare of the Child. (Id. ¶¶ 17, 26) Thus, Plaintiff sufficiently claims that she was terminated for refusing to participate in DSW's policy. Additionally, she

sufficiently claims that she acted under the reasonable belief that DSW's policy was incompatible with a clear mandate of public policy in the instant case because it interfered with the safety and welfare of the Child.

DSW further argues that Plaintiff did not adequately allege any causal connection between Plaintiff's activity and her termination.  (Mot. to Dismiss at 5)  This argument also fails because it presupposes that Plaintiff's refusal to participate did not constitute protected activity.  However, since Plaintiff's refusal to participate is protected under CEPA, Plaintiff sufficiently alleged that DSW terminated her in retaliation for her refusal to participate in DSW's policy.

Because Plaintiff alleges that she was terminated in retaliation for her refusal to participate in DSW's policy and that she released the Customer's confidential information because she reasonably believed that her failure to do so would be incompatible with a clear mandate of public policy concerning the safety and welfare of children, Plaintiff stated a CEPA claim pursuant to N.J. STAT. ANN. § 34:19-3c.

**B.    CEPA's Notice Requirement**

Next, DSW argues that Plaintiff has failed to state a CEPA claim because she did not satisfy CEPA's notice requirement. (Mot. to Dismiss at 7)  The Court disagrees with this contention

as well. CEPA's notice requirement only pertains to employees
seeking protection after disclosing their employer's wrongdoing
to a public body.  *Bowen v. Parking Auth. of Camden*, 2003 WL
22145814, at *20 (D.N.J. Sept. 18, 2003).

CEPA provides in relevant part:

> The protection against retaliatory action
> provided by this act *pertaining to disclosure
> to a public body* shall not apply to an
> *employee who makes a disclosure to a public
> body* unless the employee brought the
> activity, policy or practice . . . to the
> attention of a supervisor of the employee by
> written notice and has afforded the employer
> a reasonable opportunity to correct the
> activity, policy or practice.

N.J. STAT. ANN. § 34:19-4 (emphasis added).

Because the statute expressly requires notice only when an
employee discloses the employer's wrongdoing "to a public body,"
the fact that Plaintiff did not notify her supervisor until after
her refusal to comply with DSW's policy is irrelevant.  Plaintiff
never alleged that she disclosed DSW's policy to any public body.
Rather, Plaintiff's CEPA claim is predicated simply on her
refusal to participate in DSW's policy.  Thus, CEPA's notice
requirement does not apply in this case and Plaintiff's failure
to notify does not bar her CEPA claim.

### IV.  Common Law Wrongful Discharge

The Court turns now to Plaintiff's common law claim for
wrongful discharge.  DSW argues that Plaintiff waived her common

law claim when she instituted an action under CEPA.  (Mot. to
Dismiss at 7-8)

CEPA contains a waiver provision which provides that the
"institution of an action" in accordance with CEPA "shall be
deemed a waiver of the rights and remedies available under . . .
the common law."  N.J. STAT. ANN. § 34:19-8.  Under this
provision, an employee who "'institutes' a CEPA cause of action,"
is deemed to have forfeited his "common-law retaliatory-discharge
cause of action."  *Robles v. U.S. Envtl. Universal Serv., Inc.*,
469 F. App'x 104, 108 (3d Cir. 2012)(quoting *Young v. Schering
Corp.*, 141 N.J. 16, 29 (1995)).

Plaintiff concedes that if she has successfully stated a
claim under CEPA, her common law claim for wrongful discharge
should be dismissed.  (Pl.'s Mem. in Opp. At 9) Because this
Court finds that Plaintiff has stated a CEPA claim, it follows
that she has waived her common law claim for wrongful discharge.
Her common law claim will thus be dismissed.[3]

## V.

For the foregoing reasons, DSW's Motion to Dismiss will be
granted in part and denied in part.  Specifically, the Motion

---

[3] Because plaintiff waived her common law claim, the Court
does not reach DSW's alternative argument concerning the
sufficiency of the claim.

will be denied as to the CEPA claim and granted as to the common

law claim. An appropriate order accompanies this Opinion.


Date: March __20__, 2013            _s/Joseph E. Irenas_____
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**