UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARY STAPLETON,                    :    HONORABLE JOSEPH E. IRENAS
                                   :  Civ. Action No. 12-7406(JEI/JS)
                 Plaintiff,        :
                                   :            **OPINION**
       v.                          :
                                   :
                                   :
DSW, INC.,[1]                      :
                                   :
                 Defendant.        :
_____:


SIDNEY L. GOLD & ASSOCIATES, P.C.
By:  Valerie Weisman, Esq.
1835 Market Street, Suite 515
Philadelphia, Pennsylvania 19103
           Counsel for Plaintiff

CONRAD O'BRIEN P.C.
By:  Deborah J. Krabbendam, Esq.
     Joshua John Voss, Esq.
1500 Market Street, Centre Square
West Tower, Suite 3900
Philadelphia, Pennsylvania 19102
           Counsel for Defendant


**IRENAS**, Senior District Judge:

     Plaintiff Mary Stapleton initiated this action against

Defendant DSW, Inc. ("DSW") alleging wrongful termination.[2]  The

_____

     [1]  The Court notes that DSW, Inc. has alleged that the
proper defendant in this action should actually be DSW Shoe
Warehouse, Inc., and not DSW, Inc.  (Mot. to Dismiss at 1 n.1)
The Court does not have the information at this time to determine
the proper defendant.  For the purposes of this Opinion, the
Court considers DSW, Inc. to be the defendant.

     [2] The Court has jurisdiction over this matter pursuant to 28
U.S.C. §§ 1332, 1441, and 1446.  Plaintiff is a citizen of New
Jersey, while Defendant is a citizen of Ohio.  The amount in

Complaint asserts a claim under New Jersey's Conscientious Employee Protection Act and a common law claim for wrongful discharge.  Pending before the Court is DSW's motion to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons discussed below, the Motion will be granted in part and denied in part.

## I.

The Complaint alleges the following facts.

DSW is a footwear and accessories retailer incorporated in Ohio. (Compl. ¶¶ 6, 9)  Plaintiff, a resident of New Jersey, was employed as the Assistant Merchandise Manager at DSW's store in Cherry Hill, New Jersey. (Id. ¶ 9)

On or about March 27, 2012, a female customer ("the Customer") entered the Cherry Hill DSW store accompanied by an approximately twenty-two months old female child ("the Child") during Plaintiff's shift. (Id. ¶ 10)  Thereafter, Plaintiff was informed that the Child had gotten hold of a bottle of nail polish belonging to DSW and was painting the store shelves. (Id. ¶ 11)  Plaintiff approached the Child and immediately noticed that the Customer was ignoring the Child and that the Child smelled strongly of feces. (Id. ¶ 12)  Plaintiff further

---

controversy exceeds $75,000.  Plaintiff filed her Complaint in the Superior Court of New Jersey, Civil Law Division, Camden County and defendant removed to this Court on Dec. 4, 2012.

observed that the Child had spilled a large amount of nail polish
onto her body and belongings.  (Id.)  Plaintiff proceeded to take
the nail polish away from the Child and continued to closely
observe the Customer failing to supervise the Child.  (Id. ¶ 13)
The Customer did not even seem to notice that Plaintiff was
interacting with the Child.  (Id.)  Additionally, the Child
approached several other customers in the store and pulled on
their clothing for attention.  (Id.)

Because of the strong foul odor emanating from the Child,
Plaintiff suggested that the Customer clean the Child and change
the Child's diaper in the store's restroom.  (Id. ¶ 14) The
Customer appeared confused and refused to clean the Child.  (Id.)
She further stated that she did not have the necessary supplies
to change the Child's diaper.  (Id.)  The Customer then continued
to shop for approximately two hours while neglecting to supervise
or clean the Child despite Plaintiff's further suggestion that
she use the restroom.  (Id. ¶ 15)

Finally, as the Customer was making her purchase at the cash
register, the Child threw several items from the counter onto the
floor.  (Id. ¶ 16)  In response, the Customer twice threatened to
punish the Child by hitting her when they returned home.  (Id.)

Out of concern for the Child's safety and welfare, Plaintiff
discussed the incident with Stephanie Rolen ("Rolen"), an
associate who had also witnessed the Customer's behavior.  (Id.

3

¶¶ 17-18) They decided that Rolen would report the incident to New Jersey's Division of Child Protection and Permanency ("DCPP").  (Id. ¶ 18)  In order to assist the DCPP in identifying the Customer, Plaintiff provided Rolen with the Customer's name and address.  (Id. ¶ 19) Plaintiff acquired this information while processing the Customer's return of previously purchased merchandise.  (Id.)

The following day, DCPP contacted DSW's Cherry Hill store to investigate Rolen's report.  At this time, the store's District Manager, Denise Basso ("Basso"), was informed of both Rolen's report and the underlying incident.  (Id. ¶ 20) On or about March 29, Basso met with Plaintiff and required her to provide a written statement describing the incident and the subsequent report to the DCPP.  (Id. ¶ 21) On or about March 31, Plaintiff was informed by Store Manager Nancy Gotkin ("Gotkin") that she was being fired for violating DSW's policy of protecting confidential customer information by conveying the Customer's identifying information to DCPP.  (Id. ¶ 22)  Plaintiff explained that she acted in what she believed was the best interests of the Child and that DSW's policy was incompatible with the Child's best interests in this case.  (Id. ¶ 23) Nevertheless, Gotkin responded that she had been instructed to terminate Plaintiff's employment with DSW.  (Id. ¶ 24)

On October 19, 2012, Plaintiff filed suit in the Superior

4

Court of New Jersey, Civil Law Division, Camden County alleging
that DSW unlawfully terminated her in retaliation for her failure
to comply with a policy that she believed was incompatible with
the best interests of the Child. The Complaint asserts a claim
under New Jersey's Conscientious Employee Protection Act ("CEPA")
and a common law claim for wrongful discharge.  (Compl. ¶¶ 25-36)
On December 4, 2012, DSW filed a Notice of Removal with this
Court.  DSW now moves to dismiss the Complaint pursuant to Fed.
R. Civ. P. 12(b)(6) for failure to state a claim.

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a
court may dismiss a complaint "for failure to state a claim upon
which relief can be granted."  In order to survive a motion to
dismiss, a complaint must allege facts that raise a right to
relief above the speculative level.  *Bell Atlantic Corp. v.
Twombly,* 550 U.S. 544, 555 (2007); *see also* Fed. R. Civ. P.
8(a)(2).

While a court must accept as true all allegations in the
plaintiff's complaint, and view them in the light most favorable
to the plaintiff, *Phillips v. Cnty. of Allegheny*, 515 F.3d 224,
231 (3d Cir. 2008), a court is not required to accept sweeping
legal conclusions cast in the form of factual allegations,
unwarranted inferences, or unsupported conclusions. *Morse v.*

*Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible.  *Phillips*, 515 F.3d at 234.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

### III.   CEPA CLAIM

DSW asserts that Plaintiff's CEPA claim should be dismissed because Plaintiff has not alleged that she performed a whistle-blowing activity.  (Mot. to Dismiss at 4-7)  DSW further argues that Plaintiff failed to meet CEPA's notice requirement.  (Id. at 7)  The Court disagrees.

### A.   <u>Whistle-Blowing Activity</u>

When enacted, New Jersey's CEPA was considered "the most far reaching 'whistle-blower statute' in the nation."  *D'Annunzio v. Prudential Ins. Co. of Am.*, 192 N.J. 110, 120 (2007)(quoting *Mehlman v. Mobil Oil Corp.*, 153 N.J. 163, 179 (1998)).  The purpose of CEPA is to provide protection "to vulnerable employees who have the courage to speak out against or decline to participate in an employer's actions that are contrary to public

6

policy mandates." *See Yurick v. State*, 184 N.J. 70, 77 (2005). Since CEPA is a "broad, remedial legislation," it must therefore "be construed liberally" to effectuate its important social goal. *D'Annunzio*, 192 N.J. at 120 (citing *Abbamont v. Piscataway Tp. Bd. of Educ.*, 138 N.J. 405, 431 (1994)(further citations omitted)). *See also Donelson v. DuPont Chambers Works*, 206 N.J. 243, 256 (2011).

CEPA prohibits employers from taking retaliatory action against certain employees. N.J. STAT. ANN. § 34:19-3. CEPA protects an employee who "discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer" that the employee reasonably believes to be wrongful. *See* N.J. STAT. ANN. § 34:19-3a. In addition, CEPA "also protects an employee who merely 'objects to, or refuses to participate in' an employer's activity which the employee 'reasonably believes' violates law or a clear mandate of public policy." *Young v. Schering Corp.*, 645 A.2d 1238, 1245 (N.J. Super. Ct. App. Div. 1994) aff'd, 141 N.J. 16 (1995) (quoting N.J. STAT. ANN. § 34:19-3c). Therefore, in order to be protected against retaliatory action by his employer, the employee "need not actually make a report to anyone, but can simply refrain from acting and still be protected by CEPA." *Young*, 645 A.2d at 1245.

Specifically, CEPA provides, in relevant part:

> An employer shall not take any retaliatory
> action against an employee because the
> employee does any of the following:
>
> c. Objects to, or refuses to participate in
> any activity, policy or practice which the
> employee reasonably believes
>
> > (1) is in violation of
> > law or a rule or
> > regulation promulgated
> > pursuant to law . . . ;
> >
> > (2) is fraudulent or
> > criminal . . . ; or
> >
> > (3) is incompatible with
> > a clear mandate of public
> > policy concerning the
> > public health, safety or
> > welfare or protection of
> > the environment.

N.J. STAT. ANN. § 34:19-3c.

In order to state a CEPA claim under this subsection, a plaintiff must allege that (1) he reasonably believed that his employer's conduct violated a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy, (2) he objected to, or refused to participate in the conduct, (3) an adverse employment action was taken against him, and (4) a causal connection exists between the activity and the adverse employment action. *Sarnowski v. Air Brooke Limousine, Inc.*, 510

F.3d 398, 404 (3d Cir. 2007) (citing *Dzwonar v. McDevitt*, 177
N.J. 451, 462 (2003)).

Additionally, a plaintiff need not allege that the employer
actually violated the law or a clear mandate of public policy.
*Dzwonar*, 177 N.J. at 462. "Instead, the plaintiff simply must
[allege] that he or she reasonably believe[d] that to be the
case." *Id.* (internal quotations and citations omitted).

In the instant case, DSW argues that Plaintiff did not state
a CEPA claim because she did not raise any concerns about DSW's
confidentiality policy until after she was terminated, and
therefore did not engage in any protected activity. (Mot. to
Dismiss at 5) This argument misses the mark. As explained
above, CEPA not only protects employees who "disclose or threaten
to disclose" information to a supervisor or public body, *see* N.J.
STAT. ANN. § 34:19-3a, but also those employees who "simply
refrain from acting," *see Young*, 645 A.2d at 1245.

Plaintiff alleges that she was fired in retaliation for her
refusal to comply with DSW's policy barring her from releasing
confidential customer information. (Compl. ¶¶ 22, 27) She
further alleges that she determined to release the Customer's
information because she reasonably believed it was necessary to
protect the safety and welfare of the Child. (Id. ¶¶ 17, 26)
Thus, Plaintiff sufficiently claims that she was terminated for
refusing to participate in DSW's policy. Additionally, she

sufficiently claims that she acted under the reasonable belief that DSW's policy was incompatible with a clear mandate of public policy in the instant case because it interfered with the safety and welfare of the Child.

DSW further argues that Plaintiff did not adequately allege any causal connection between Plaintiff's activity and her termination.  (Mot. to Dismiss at 5)  This argument also fails because it presupposes that Plaintiff's refusal to participate did not constitute protected activity.  However, since Plaintiff's refusal to participate is protected under CEPA, Plaintiff sufficiently alleged that DSW terminated her in retaliation for her refusal to participate in DSW's policy.

Because Plaintiff alleges that she was terminated in retaliation for her refusal to participate in DSW's policy and that she released the Customer's confidential information because she reasonably believed that her failure to do so would be incompatible with a clear mandate of public policy concerning the safety and welfare of children, Plaintiff stated a CEPA claim pursuant to N.J. Stat. Ann. § 34:19-3c.


**B.   CEPA's Notice Requirement**

Next, DSW argues that Plaintiff has failed to state a CEPA claim because she did not satisfy CEPA's notice requirement. (Mot. to Dismiss at 7)  The Court disagrees with this contention

as well. CEPA's notice requirement only pertains to employees seeking protection after disclosing their employer's wrongdoing to a public body. *Bowen v. Parking Auth. of Camden*, 2003 WL 22145814, at *20 (D.N.J. Sept. 18, 2003).

CEPA provides in relevant part:

> The protection against retaliatory action provided by this act *pertaining to disclosure to a public body* shall not apply to an *employee who makes a disclosure to a public body* unless the employee brought the activity, policy or practice . . . to the attention of a supervisor of the employee by written notice and has afforded the employer a reasonable opportunity to correct the activity, policy or practice.

N.J. STAT. ANN. § 34:19-4 (emphasis added).

Because the statute expressly requires notice only when an employee discloses the employer's wrongdoing "to a public body," the fact that Plaintiff did not notify her supervisor until after her refusal to comply with DSW's policy is irrelevant.  Plaintiff never alleged that she disclosed DSW's policy to any public body. Rather, Plaintiff's CEPA claim is predicated simply on her refusal to participate in DSW's policy.  Thus, CEPA's notice requirement does not apply in this case and Plaintiff's failure to notify does not bar her CEPA claim.

### IV.  Common Law Wrongful Discharge

The Court turns now to Plaintiff's common law claim for wrongful discharge.  DSW argues that Plaintiff waived her common

11

law claim when she instituted an action under CEPA.  (Mot. to Dismiss at 7-8)

CEPA contains a waiver provision which provides that the "institution of an action" in accordance with CEPA "shall be deemed a waiver of the rights and remedies available under . . . the common law."  N.J. STAT. ANN. § 34:19-8.  Under this provision, an employee who "'institutes' a CEPA cause of action," is deemed to have forfeited his "common-law retaliatory-discharge cause of action."  *Robles v. U.S. Envtl. Universal Serv., Inc.*, 469 F. App'x 104, 108 (3d Cir. 2012)(quoting *Young v. Schering Corp.*, 141 N.J. 16, 29 (1995)).

Plaintiff concedes that if she has successfully stated a claim under CEPA, her common law claim for wrongful discharge should be dismissed.  (Pl.'s Mem. in Opp. At 9) Because this Court finds that Plaintiff has stated a CEPA claim, it follows that she has waived her common law claim for wrongful discharge. Her common law claim will thus be dismissed.[3]

## V.

For the foregoing reasons, DSW's Motion to Dismiss will be granted in part and denied in part.  Specifically, the Motion

---

[3]  Because plaintiff waived her common law claim, the Court does not reach DSW's alternative argument concerning the sufficiency of the claim.

will be denied as to the CEPA claim and granted as to the common

law claim. An appropriate order accompanies this Opinion.


Date: March __20__, 2013            _s/Joseph E. Irenas_____
                                    **JOSEPH E. IRENAS, S.U.S.D.J.**

13